IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NADEZHDA BONDAR,

    Plaintiff,                           No. CIV S-10-1555 EFB

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.                      ORDER
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. For the reasons discussed below, the court grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment.

I. <u>ORDER TO SHOW CAUSE</u>

        On July 5, 2011, the court ordered plaintiff to show cause regarding her failure to timely file her motion for summary judgment and/ or remand in compliance with the court's scheduling order. Dckt. No. 14. Plaintiff's response to the order explains that her attorney did not timely file her motion for summary judgment because the transcript in this case was served on him electronically, when he was used to receiving the transcript in the mail. Dckt. No. 15. The order

1

to show cause is hereby discharged.

II. BACKGROUND

Plaintiff, born November 28, 1947, formally applied for DIB and Supplemental Security Income ("SSI") on October 4, 2007. Administrative Record ("AR") 103-04. Plaintiff's application alleged that she had been disabled since January 15, 1998. *Id.* at 103.

Plaintiff's SSI application was denied because she did not meet the resource requirements for eligibility for supplemental security income. Dckt. No. 18-1 (Declaration of Patrick Herbst, Chief of Court Case Preparation and Review Branch I of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration). Plaintiff did not appeal this denial. *Id.* Plaintiff's application for DIB was denied initially and upon reconsideration, and plaintiff requested an administrative hearing. *Id.* On January 16, 2009, a hearing was held before administrative law judge ("ALJ") L. Kalei Fong. AR 11-90. Plaintiff, who was unrepresented by counsel, testified at the hearing. *Id*.

The ALJ issued a decision on April 27, 2009, finding that plaintiff was not disabled.[1] *Id.*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. § 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits under both programs. *See* 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 and 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:
 Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
 Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
 Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
 Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
 Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

at 18-25.  The ALJ made the following specific findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 1998.
>
> 2. The claimant has not engaged in substantial gainful activity during the period from her alleged onset date of January 15, 1998 through her last insured date of December 31, 1998 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following medically determinable impairment: obesity (20 CFR 404.1521 *et seq.*).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).
>
> ∗∗∗
>
> 4. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 15, 1998, the alleged onset date, through December 31, 1998, the date last insured (20 CFR 404.1520(c)).

*Id.*

Plaintiff requested that the Appeals Council review the ALJ's decision. However, on April 29, 2010, the Appeals Council denied review, leaving the ALJ's decision as the "final decision of the Commissioner of Social Security." *Id.* at 1-4.

The Appeals Council noted that "your Supplemental Security Income application was not before the Administrative Law Judge, as it was denied for excess resources." *Id.* at 2. Further, the Appeals Council "considered the fact that since the date of the Administrative Law Judge's decision, you were found to be under a disability beginning June 12, 2009, based on an application that you filed on June 12, 2009; however, the Council found that this information

---

*Lester v. Chater,* 81 F.3d 821, 828, n.5 (9th Cir. 1995).
   The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

does not warrant a change in the Administrative Law Judge's opinion." *Id.*

III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

IV. ANALYSIS

The first sentence of the argument section of plaintiff's brief reads: "whether the Commissioner's denial of benefits is supported by substantial evidence . . . and free of legal error . . . are not quite to the point in this case." Dckt. 16 at 5. This sentence implies that the ALJ's decision was free of legal error and was supported by substantial evidence, which is the only inquiry that this court is empowered to make.

However, plaintiff also appears to argue that the ALJ legally erred in failing to assist plaintiff by 1) adequately informing plaintiff of her right to counsel; 2) advising plaintiff

4

regarding "the central date last insured issue"; and 3) developing the medical record. Plaintiff seems to rest her arguments on the principle that where a plaintiff is unrepresented, "it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. He must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978) (citations omitted). As explained below, none of plaintiff's arguments have merit.

A.     Right to Counsel

Plaintiff contends that the ALJ erred in failing to "inquire and develop the record regarding right to counsel." Dckt. No. 16 at 6. Plaintiff states that "[e]xisting law regarding the ALJ's duty to develop the record should apply here to . . . the need to further develop the record about Ms. Bondar's understanding of her right to counsel." *Id.* at 10.

Plaintiff claims that the ALJ should have taken additional steps to ensure that plaintiff understood that she had the right to be represented by counsel. Dckt. No. 16 at 3. Plaintiff does not deny that she received a number of written notices notifying her that she had a right to obtain an attorney. *See* Dckt. No. 18 at 8-11 (quoting each of the six notices that plaintiff was mailed advising her that she could choose to be represented). Plaintiff argues that she did not speak English,[2] but admits that there was an interpreter at the hearing. She further admits that the ALJ went though the following colloquy with her at the beginning of the hearing:

> ALJ: ...and I want to know if you understand that at today's hearing you have a right to be represented.
> CLMT: Yes, I understand.
> ALJ: And do you want to proceed today without representation?
> CLMT: Yes.
> ALJ: All right. If we proceed today, that means you are willing to have a hearing today without representation. Do you understand that?
> CLMT: Yes.
> ALJ: Okay. So we're going to proceed today, then.

---

[2] It appears that plaintiff speaks and understands some English. *See* AR 249 (Social Security worker noting "Clmt speaks limited English. Cannot conduct interview in English. Clmt receives limited translation from husband"), 80 (plaintiff speaks "a little bit" of English).

5

AR 78.

Plaintiff does not claim that she did not understand that she could choose to be represented, or that she was somehow prejudiced because she was not represented. Instead, she argues that the ALJ should have followed the specific procedures in the Commissioner's Hearings, Appeals and Litigation Law Manual ("HALLEX"), which states that an ALJ should "ensure on the record that the claimant has been properly advised of the right to representation and that the claimant is capable of making an informed choice about representation" and gives as an example a series of questions to follow up on whether the claimant actually understands. Dckt. No. 16 at 4 (citing HALLEX I-2-6-52). Plaintiff further argues that the HALLEX manual required the ALJ to obtain a written waiver from plaintiff. *Id.*

Plaintiff's argument fails because HALLEX is not the law and is not binding on the agency. *See Roberts v. Comm'r of Soc. Sec.*, 644 F.3d 931, 934 (9th Cir. 2011). The plaintiff in *Roberts* cited the same HALLEX regulation in arguing that the ALJ erred in failing to make sure he had sufficient information to make a decision regarding representation at the hearing. *Id.* at 932. The Ninth Circuit rejected this argument, noting that because HALLEX is not binding, "we do not review allegations of non-compliance with [its] provisions." *Id.* (citations omitted.) *Roberts* forecloses plaintiff's argument. The ALJ did not commit legal error by not following the HALLEX procedures.

### B.     Failure to Advise Plaintiff Regarding Her Date Last Insured

Plaintiff appears to argue that the ALJ erred in failing to make sure that plaintiff understood "the central date last insured issue." Dckt. No. 16 at 6. Although plaintiff does not specifically explain what she means by this, it appears that plaintiff is faulting the ALJ for not telling her that, in order to be approved for DIB, she had to prove disability before her date last insured.

Plaintiff argues that because the ALJ told plaintiff during the hearing that the agency would request her medical records from December 2007 onwards, "the record reflects the ALJ

affirmatively misleading . . . [plaintiff] that the issue was simply disability since her application date." *Id.* Plaintiff argues that the ALJ misled her "about the need to provide medical proof by the [date last insured]." *Id.*

Plaintiff does not explain what prejudice, if any, resulted from the ALJ's actions. Plaintiff does not claim that she would have been able to prove disability by her date last insured, or that substantial evidence does not support the ALJ's finding that plaintiff was not disabled for the purposes of her DIB application. Plaintiff's reply brief appears to concede these points. *See* Dckt. No. 19 at 2 ("It appears unlikely plaintiff can establish eligibility for Title II benefits by 12/31/98 . . . . The point and prospect of developing the medical record prior to 12/31/98 is limited."). Because plaintiff does not claim that she could prove disability for the purposes of DIB, any arguable error is harmless.

    C.    <u>Failure to Develop the Record as to SSI Eligibility</u>

Plaintiff appears to argue that due to her limited ability to communicate in English, coupled with the ALJ's alleged failure to advise her as to the issues concerning the date the plaintiff last met the disability insured status requirement, the ALJ failed to develop the record. The ALJ has a duty to develop the record when the medical evidence is ambiguous or the record is inadequate to allow for the proper evaluation of the evidence. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The suggestion here appears to be that the ALJ failed to satisfy a duty by not obtaining evidence for plaintiff that would enable her to show she was disabled as of the date she last met the insured status requirement of Title II, i.e. December 31, 1998.[3] However, plaintiff points to nothing of substance that the ALJ could have done and

---

[3] However, plaintiff's point is not at all clear. Her reply confusingly states:

> The point and prospect of developing the medical record prior to 12/31/98 is limited. The point that law regarding an ALJ's duty to develop the record provides analytic guidance for this broader situation of this particular unrepresented claimant is the larger point – and defendant did not address it.

7

should have done to develop or acquire medical evidence establishing that she was disabled as of the date she last met the insured status requirement of the Act. Rather, as noted above, plaintiff's reply brief concedes that "[i]t appears unlikely plaintiff can establish eligibility for Title II benefits by 12/31/98."

Apart from the lack of evidence to establish disability as of that date, plaintiff refers to what she terms other "triggering []ambiguities" that required the ALJ to develop the record "includ[ing] at least . . . that her husband had left her by the time of the hearing...that the application indicated an SSI application would be filed . . . [and] her manifest eligibility for county healthcare services." Dckt. No. 16 at 10. The relevance of these "ambiguities" is unexplained, and indeed, the suggestion that perhaps plaintiff is arguing that the ALJ should have developed an SSI application that was not before the ALJ is dispelled by plaintiff's concession in her reply brief that "Plaintiff never thought a Title XVI claim was before the court." Dckt. No. 19, at 1. Indeed, plaintiff does not dispute that her application for SSI was denied for excess resources, and that she did not appeal that decision. Thus, ALJ had no duty to develop an SSI claim.

V. CONCLUSION

The ALJ's decision is supported by substantial evidence in the record and based on the proper legal standards. Therefore, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor and close the case.

DATED: September 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

Dckt. No. 19, at 2.

8